1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7     ADRIENNE THOMAS,                        Case No. 24-cv-09046-JSW

8                    Plaintiff,

                                              **ORDER GRANTING MOTION TO**
9          v.                                 **REMAND AND DENYING MOTION**
                                              **TO DISMISS WITHOUT PREJUDICE**
10    PACIFIC GAS AND ELECTRIC
      COMPANY,                                Re: Dkt. Nos. 12-13
11
                     Defendant.
12

13          Now before the Court for consideration are: (1) the motion to remand filed by Plaintiff

14    Adrienne Thomas ("Ms. Thomas"); and (2) the motion to dismiss filed by Defendant Pacific Gas

15    and Electric Company ("PG&E").  The Court has considered the parties' papers, including the

16    supplemental briefing on the motion to remand, relevant legal authority, and the record in this

17    case, and it finds the motions suitable for disposition without oral argument.  *See* N.D. Civ. L.R.

18    7-1(d).  The Court VACATES the hearings scheduled for March 7, 2025 and HEREBY

19    REMANDS this case to Contra Costa County Superior Court.

20                                       **BACKGROUND**

21          On January 5, 2022, PG&E terminated Ms. Thomas.  On January 5, 2023, she filed a

22    complaint in this Court alleging claims for whistleblower retaliation in violation of the Dodd

23    Frank Act, retaliation in violation of California Labor Code section 1102.5, wrongful termination

24    in violation of public policy, violations of California Business and Professions Code sections

25    17200, *et seq.*, breach of a union contract, breach of the implied covenant of good faith and fair

26    dealing, defamation, intentional infliction of emotional distress, and declaratory relief.  (*See* 23-cv-

27    65-JSW, *Thomas v. PG&E* ("*Thomas I*"), Dkt. No. 1.)

28          PG&E moved to dismiss.  Instead of filing an opposition, Ms. Thomas belatedly filed a

United States District Court
Northern District of California

First Amended Complaint, which added a claim for violations of Title VII of the Civil Rights Act. PG&E moved to dismiss and argued, *inter alia*, that Ms. Thomas' claims were preempted by Section 301 of the Labor Management Relations Act ("LMRA").

The Court granted that motion. The Court dismissed the Dodd-Frank Claim with prejudice and dismissed the Title VII claim with leave to amend. *Thomas I*, 2023 WL 5749279, at *2-*3 (N.D. Cal. Sept. 26, 2023). It then addressed the state law claims and determined Ms. Thomas' claims for breach of contract, breach of the implied covenant, and the Labor Code claim were preempted under Section 301. The Court dismissed those claims with prejudice. The Court dismissed the remaining state law claims with leave to amend. *Id.*, at *3-*4. Ms. Thomas missed the deadline to file an amended complaint, and the Court dismissed the case without prejudice. *Thomas I*, 2023 WL 6614592 (N.D. Cal. Oct. 5, 2023). Ms. Thomas then moved for an extension of time to file an amended complaint, which the Court construed as a motion to vacate the judgment. On November 9, 2023, the Court denied the motion to vacate and granted PG&E's motion for entry of judgment. *Thomas I*, 2023 WL 7440255, at 2 (N.D. Cal. Nov. 9, 2023).

On April 9, 2024, Ms. Thomas filed a complaint before the California Civil Rights Department alleging that PG&E harassed her, retaliated against her, and wrongfully terminated her. After receiving a right to sue letter, she filed a complaint in Contra Costa County Superior Court using a form complaint for breach of contract. PG&E removed to this Court, and the Court subsequently related the cases. *See Thomas v. PG&E*, No. 24-cv-06469-JSW ("*Thomas II*").

When PG&E removed the case, it asserted the Court had jurisdiction pursuant to Section 301 of the LMRA and asserted the Court would have supplemental jurisdiction over any other claims asserted. (*Thomas II,* Dkt. No. 1, Notice of Removal at 1:9-12, 4:6-5:1.) Although Ms. Thomas used the form complaint for breach of contract, she did not specify the nature of the contract at issue. Ms. Thomas filed a motion to remand. PG&E moved for judgment on the pleadings based on the Court's rulings in *Thomas I*. The Court granted Ms. Thomas's motion because it concluded that "Ms. Thomas' complaint [was] devoid of any facts, let alone any facts that suggest she is pursuing a breach of contract claim." *Thomas II*, 2024 WL 4614724, at *2

United States District Court
Northern District of California

2

1  (N.D. Cal. Oct. 30, 2024).[1]

2  After the Court remanded *Thomas II*, PG&E communicated with Ms. Thomas about its

3  intent to move for judgment on the pleadings.  It also advised her that if she wanted to file an

4  amended complaint, it wanted to review a copy to determine whether it would stipulate to a

5  request.  (*Thomas v. PG&E,* No. 24-9046-JSW, Dkt. No. 1-2, Declaration of Olivia Florio in

6  Support of Removal ("Florio Decl."), ¶ 11; Dkt. No. 1-15, Florio Decl., Ex. 14 (Email

7  correspondence).)[2]  On November 13, 2024, Ms. Thomas sent PG&E a copy of an amended

8  complaint, which had not been accepted for filing in Contra Costa Superior Court.  (Florio Decl., ¶

9  11; Dkt. No. 1-14, Florio Decl., Ex. 13 (First Amended Complaint).)

10  On December 13, 2024, PG&E filed a notice of removal and again asserted the Court had

11  federal jurisdiction based on Section 301 preemption and asserted the Court had supplemental

12  jurisdiction over any claims that were not preempted.  On December 20, 2024, PG&E filed its

13  motion to dismiss, and on December 31, 2024, Ms. Thomas filed her motion to remand.[3]

14  **ANALYSIS**

15  Pursuant to 28 U.S.C. section 1441(a), a defendant may remove any civil action brought in

16  a state court to the district court where such action is pending so long as the court to which the

17  case is removed has "original jurisdiction" over the case.  *Matheson v. Progressive Specialty Ins.*

18  *Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  The Supreme Court recently reaffirmed the principle

19

20  [1]  In its Notice of Removal, PG&E states that the Court agreed with its argument that the
    complaint was purely a breach of contract action.  That is not an accurate characterization of the
21  Court's Order.  PG&E removed based on the fact that Ms. Thomas used the form breach of
    contract complaint and argued the only contract that could be at issue would be the CBA.  The
22  Court concluded that assertion elevated form over substance because the complaint was devoid of
    facts that suggested she was asserting a breach of contract claim.  *Thomas II*, 2024 WL 4614724,
23  at *2.  The Court's ruling was informed by the exhibits to the Notice of Removal, which also did
    not suggest Ms. Thomas' claims were based on breach of contract.  *See id.* ("It is true that Ms.
24  Thomas did not incorporate the attachments to her state court complaint by reference into the form
    complaint.  Those exhibits are not lengthy.  Therefore, this is not a situation where the Court is
25  required to "sift through" voluminous materials to evaluate the nature of her claims.) (quoting
    *Fishman v. Williams*, No. CV 14-4823 MWF(JC), 2016 WL 11484591, at *8 (C.D. Cal. Sept. 21,
26  2016)).

27  [2]  All additional references to docket entries refer to the docket in this case.

28  [3]  On January 8, 2025, the Court granted PG&E's motion to relate this case to *Thomas I* and
    *Thomas II*.

that federal courts are courts of limited jurisdiction. *Royal Canin, U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). The party seeking removal has the burden of establishing federal jurisdiction, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

PG&E argues that it was required to file a notice of removal once it received Ms. Thomas's proposed amended complaint and cites 28 U.S.C. section 1446(b)(1). That section applies to "initial" pleadings, which the FAC is not. Therefore, removal in this case is governed by Section 1146(b)(3), which provides that "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

The Court concludes this case should be remanded. First, the Court does find the removal premature. PG&E removes on the basis of federal jurisdiction. As the court noted in *Jian-Ming Zhao v. RelayRides, Inc.*, a case on which it relies, "there is no contingent federal jurisdiction and thus, a plaintiff's intention of adding a claim that will create federal jurisdiction is not a sufficient basis for removal where the state court has not yet granted leave to add such a claim." No. 17-cv-04099-JCS, 2017 WL 6336082, at *13 (N.D. Cal. Dec. 12, 2017).[4]

Second, and assuming solely for the sake of argument the proposed FAC operates as an "other paper," the Court would still remand. The Court dismissed Ms. Thomas's claims breach of contract, breach of implied covenant claims, and a portion of her claim for retaliation under Labor Code 1102.5 *with prejudice* on the basis that they were preempted. Ms. Thomas does not include Title VII claims in her FAC. Instead, she makes clear that she is intending to pursue claims under California's Fair Employment and Housing Act. There are no federal claims that give this Court jurisdiction. Without a federal claim, the Court cannot exercise supplemental jurisdiction over the

---

[4]    PG&E also relies on *Jones v. G2 Secure Staff, LLC*, No. CV 17–00061 SJO (SSx), 2017 WL 877293 (C.D. Cal. Mar. 6, 2017). That also did not involve removal based on a federal question.

state law claims.  *Royal Canin*, 602 U.S. at 25-26, 43-44.

Accordingly, the Court GRANTS Ms. Thomas's motion to remand this matter to Contra Costa County Superior Court and DENIES PG&E's motion to dismiss without prejudice.  The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: February 28, 2025

JEFFREY S. WHITE
United States District Judge